IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUGENIE BOUCHARD ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES TENNIS ASSOCIATION, ) <br> INC. and USTA NATIONAL TENNIS ) <br> CENTER, INC. ) <br> ) <br> Defendants. ) <br> ) <br> ------------------------------------------------------------ ) | Docket No. 1:15-cv-5920 <br><br> **ANSWER** <br> **TO PLAINTIFF'S COMPLAINT** |

Defendants, UNITED STATES TENNIS ASSOCIATION INCORPORATED and USTA NATIONAL TENNIS CENTER INCORPORATED, incorrectly named herein as "UNITED STATES TENNIS ASSOCIATION, INC. and USTA NATIONAL TENNIS CENTER, INC.," (hereinafter collectively referred to as "Answering Defendants"), by and through their attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, hereby respond to Plaintiff's Complaint as follows:

## NATURE OF THE CASE

1. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "1" of the Complaint, but Answering Defendants deny that they were negligent and that such alleged negligence was a substantial contributing factor in causing Plaintiff's injuries. Specifically, Answering Defendants deny that Plaintiff was caused to slip and fall on a dangerous condition created by the Answering Defendants in the physiotherapy room adjacent to the women's locker room and/or that she sustained a severe head injury that forced her to withdraw from the 2015 US Open and/or that Answering Defendants' alleged negligence was a substantial contributing factor in causing

Plaintiff's injuries, except that Answering Defendants admit that plaintiff ceased competing in the 2015 US Open after September 4, 2015.

## PARTIES

2. Upon information and belief, Answering Defendants admit the truth of the allegations contained in Paragraph "2" of the Complaint.

3. Answering Defendants admit the truth of the allegations contained in Paragraph "3" of the Complaint.

4. Answering Defendants admit the truth of the allegations contained in Paragraph "4" of the Complaint.

## VENUE AND JURISDICTION

5. Answering Defendants admit the truth of the allegations contained in Paragraph "5" of the Complaint, but Answering Defendants deny knowledge or information sufficient to form a belief as to whether Plaintiff's provable damages herein exceed seventy five thousand dollars ($75,000) as alleged by the Plaintiff.

6. Answering Defendants admit the truth of the allegations contained in Paragraph "6" of the Complaint.

## FACTUAL ALLEGATIONS

7. Answering Defendants admit the truth of the allegations contained in Paragraph "7" of the Complaint.

8. Answering Defendants admit the truth of the allegations that Ms. Bouchard competed in the 2015 US Open women's singles, women's doubles and mixed doubles bracket, as contained in Paragraph "8" of the Complaint. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations that Ms. Bouchard was the

number twenty five (25) ranked player in the women's bracket, except admit that Ms. Bouchard was seeded twenty five (25) in the US Open women's bracket.

9. Answering Defendants admit the truth of the allegations contained in Paragraph "9" of the Complaint. To the extent that Plaintiff's allegation in Paragraph "9" alleges, or intends to infer, that Plaintiff would have won the prize money allotted to the winner of the women's singles bracket but for the incident of September 4, 2015 complained of, Answering Defendants deny same and state that such claim would be entirely speculative and uncertain and Answering Defendants will hold the Plaintiff to strict proof thereof.

10. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Complaint. To the extent that Plaintiff's allegation in Paragraph "10" alleges, or intends to infer, that Plaintiff has lost, or will lose, corporate endorsements as a result of the incident of September 4, 2015 complained of, Answering Defendants deny same and state that such claim would be entirely speculative and uncertain and Answering Defendants will hold the Plaintiff to strict proof thereof.

11. With respect to the allegations contained in Paragraph "11" of the Complaint, Answering Defendants admit that Ms Bouchard competed in two matches on September 4, 2015 and that she won both matches, one of which was a singles match against Dominika Cibulkova and the other of which was a mixed doubles match with Nick Kyrgios against Elina Svitolina and Artem Sitak. Answering Defendants further admit that Ms. Bouchard was scheduled to play the next day. Answering Defendants deny that Ms. Bouchard's match ended at approximately 10 pm and deny all allegations set forth in Paragraph "11" of the Complaint not expressly admitted herein.

12. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the Complaint, except Answering

Defendants admit that Plaintiff was seen later in the evening of September 4, 2015 in and around the vicinity of the women's locker room.

13. Answering Defendants deny the truth of the allegations contained in Paragraph "13" of the Complaint except that Answering Defendants admit that, at the National Tennis Center Facility, there is a room used by trainers for physiotherapy that is located adjacent to the women's locker room.

14. Answering Defendants deny the truth of the allegations contained in Paragraph "14" of the Complaint except that Answering Defendants admit that, at the National Tennis Center Facility, there is a room that contains facilities and equipment for ice baths that is located adjacent to the physiotherapy room.

15. Answering Defendants deny the truth of the allegations contained in Paragraph "15" of the Complaint inasmuch as Answering Defendants are uncertain as to which room within the National Tennis Center facility Plaintiff refers, and inasmuch as the term "tiled floor" is vague and undefined.

16. With respect to the allegations contained in Paragraph "16" of the Complaint, Answering Defendants deny that Ms. Bouchard was caused to slip and fall as alleged therein and Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph "16" of the Complaint, and specifically state that Plaintiff should not have entered the physiotherapy room as she alleges without the express consent of, or accompaniment of, authorized personnel.

17. Answering Defendants deny the truth of the allegations contained in Paragraph "17" of the Complaint.

18. Answering Defendants deny the truth of the allegations contained in Paragraph "18" of the Complaint and specifically deny that they had a duty to provide any warning to Ms.

Bouchard and further state that Plaintiff should not have entered the physiotherapy room as she alleges without the express consent of, or accompaniment of, authorized personnel.

19. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Complaint.

20. Answering Defendants deny the truth of the allegations contained in Paragraph "20" of the Complaint, except that Answering Defendants admit that, on or about September 5, 2015, Plaintiff withdrew from further competition at the 2015 US Open.

21. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "21" of the Complaint. To the extent that Plaintiff's allegation in Paragraph "21" alleges, or intends to infer, that Plaintiff would have won prize money allotted to the winner of the women's singles bracket and/or other competitions at the stated tournaments in Japan and China but for the incident of September 4, 2015 complained of, Answering Defendants deny same and state that such claim would be entirely speculative and uncertain and Answering Defendants will hold the Plaintiff to strict proof thereof.

22. With respect to the allegations contained in Paragraph "22" of the Complaint, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation that Ms. Bouchard's ranking has dropped as a result of her withdrawal from the 2015 US Open and subsequent tournaments. To the extent that Plaintiff's allegation in Paragraph "22" alleges, or intends to infer, that any such drop in Plaintiff's ranking has occurred, and/or is likely to continue to occur, solely due to Plaintiff's withdrawal from the 2015 US Open and subsequent tournaments, Answering Defendants deny same and state that such claim would be entirely speculative and uncertain and Answering Defendants will hold the Plaintiff to strict proof thereof.

## AS AND FOR AN ANSWER TO THE FIRST COUNT
## <u>NEGLIGENCE (USTA)</u>

23. In response to Paragraph "23" of the Complaint, Answering Defendants repeat, reiterate and reallege each and every response to the allegations contained in Paragraphs "1" through "22", inclusive, of the Complaint, with the same force and effect as if fully repeated at length herein.

24. Answering Defendants deny the truth of the allegations contained in Paragraph "24" of the Complaint, except that Answering Defendants admit that USTA National Tennis Center Incorporated leases the premises located in Queens, New York, where the 2015 US Open competition took place, frequently referred to as the "National Tennis Center."

25. Answering Defendants deny the truth of the allegations contained in Paragraph "25" of the Complaint, except that Answering Defendants admit that USTA National Tennis Center Incorporated leased the premises located in Queens, New York, where the 2015 US Open competition took place, frequently referred to as the "National Tennis Center."

26. Answering Defendants deny the truth of the allegations contained in Paragraph "26" of the Complaint, except that Answering Defendants admit that USTA National Tennis Center Incorporated leased the premises located in Queens, New York, where the 2015 US Open competition took place, frequently referred to as the "National Tennis Center."

27. Answering Defendants deny the truth of the allegations contained in Paragraph "27" of the Complaint, except that Answering Defendants admit that USTA National Tennis Center Incorporated leased the premises located in Queens, New York, where the 2015 US Open competition took place, frequently referred to as the "National Tennis Center."

28. Answering Defendants deny the truth of the allegations contained in Paragraph "28" of the Complaint, except that Answering Defendants admit that USTA National Tennis

Center Incorporated leased the premises located in Queens, New York, where the 2015 US Open competition took place, frequently referred to as the "National Tennis Center."

29. Answering Defendants deny the truth of the allegations contained in Paragraph "29" of the Complaint, except that Answering Defendants admit that USTA National Tennis Center Incorporated leased the premises located in Queens, New York, where the 2015 US Open competition took place, frequently referred to as the "National Tennis Center."

30. Answering Defendants deny the truth of the allegations contained in Paragraph "30" of the Complaint.

31. Answering Defendants deny the truth of the allegations contained in Paragraph "31" of the Complaint. As a highly ranked and/or seeded professional tennis player, Plaintiff was experienced and well-versed in the procedures and protocols of the women's tour, both in the United States and internationally, and knew or should have known the procedures and protocols as they related to the operation of the physiotherapy room adjacent to the women's locker room at the National Tennis Center and the attendant rooms therein, as well as the protocols, procedures and expectations between and among the players and the trainers working therein.

32. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "32" of the Complaint, except that Answering Defendants admit that Plaintiff had been competing at the National Tennis Center during the 2015 US Open on or before September 4, 2015. To the extent that Plaintiff was in the physiotherapy room as alleged, Answering Defendants state that Plaintiff should not have entered the physiotherapy room as she alleges without the express consent of, or accompaniment of, authorized personnel.

33. Answering Defendants deny the truth of the allegations contained in Paragraph "33" of the Complaint.

34. Answering Defendants deny the truth of the allegations contained in Paragraph "34" of the Complaint.

35. Answering Defendants deny the truth of the allegations contained in Paragraph "35" of the Complaint.

36. Answering Defendants deny the truth of the allegations contained in Paragraph "36" of the Complaint.

37. Answering Defendants deny the truth of the allegations contained in Paragraph "37" of the Complaint.

38. Answering Defendants deny the truth of the allegations contained in Paragraph "38" of the Complaint.

39. Answering Defendants deny the truth of the allegations contained in Paragraph "39" of the Complaint.

40. Answering Defendants deny the truth of the allegations contained in Paragraph "40" of the Complaint.

41. Answering Defendants deny the truth of the allegations contained in Paragraph "41" of the Complaint.

### AS AND FOR AN ANSWER TO THE SECOND COUNT
### NEGLIGENCE (NTC)

42. In response to Paragraph "42" of the Complaint, Answering Defendants repeat, reiterate and reallege each and every response to the allegations contained in Paragraphs "1" through "41", inclusive, of the Complaint, with the same force and effect as if fully repeated at length herein.

43. Answering Defendants deny the truth of the allegations contained in Paragraph "43" of the Complaint, except that Answering Defendants admit that USTA National Tennis

Center Incorporated leased the premises located in Queens, New York, where the 2015 US Open competition took place, frequently referred to as the "National Tennis Center."

44. Answering Defendants deny the truth of the allegations contained in Paragraph "44" of the Complaint, except that Answering Defendants admit that USTA National Tennis Center Incorporated leased the premises located in Queens, New York, where the 2015 US Open competition took place, frequently referred to as the "National Tennis Center."

45. Answering Defendants deny the truth of the allegations contained in Paragraph "45" of the Complaint, except that Answering Defendants admit that USTA National Tennis Center Incorporated leased the premises located in Queens, New York, where the 2015 US Open competition took place, frequently referred to as the "National Tennis Center."

46. Answering Defendants deny the truth of the allegations contained in Paragraph "46" of the Complaint, except that Answering Defendants admit that USTA National Tennis Center Incorporated leased the premises located in Queens, New York, where the 2015 US Open competition took place, frequently referred to as the "National Tennis Center."

47. Answering Defendants deny the truth of the allegations contained in Paragraph "47" of the Complaint, except that Answering Defendants admit that USTA National Tennis Center Incorporated leased the premises located in Queens, New York, where the 2015 US Open competition took place, frequently referred to as the "National Tennis Center."

48. Answering Defendants deny the truth of the allegations contained in Paragraph "48" of the Complaint, except that Answering Defendants admit that USTA National Tennis Center Incorporated leased the premises located in Queens, New York, where the 2015 US Open competition took place, frequently referred to as the "National Tennis Center."

49. Answering Defendants deny the truth of the allegations contained in Paragraph "49" of the Complaint.

50. Answering Defendants deny the truth of the allegations contained in Paragraph "50" of the Complaint. As a highly ranked and/or seeded professional tennis player, Plaintiff was experienced and well-versed in the procedures and protocols of the women's tour, both in the United States and internationally, and knew or should have known the procedures and protocols as they related to the operation of the physiotherapy room adjacent to the women's locker room at the National Tennis Center and the attendant rooms therein, as well as the protocols, procedures and expectations between and among the players and the trainers working therein.

51. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "51" of the Complaint, except that Answering Defendants admit that Plaintiff had been competing at the National Tennis Center during the 2015 US Open on or before September 4, 2015. To the extent that Plaintiff was in the physiotherapy room as alleged, Answering Defendants state that Plaintiff should not have entered the physiotherapy room as she alleges without the express consent of, or accompaniment of, authorized personnel.

52. Answering Defendants deny the truth of the allegations contained in Paragraph "52" of the Complaint.

53. Answering Defendants deny the truth of the allegations contained in Paragraph "53" of the Complaint.

54. Answering Defendants deny the truth of the allegations contained in Paragraph "54" of the Complaint.

55. Answering Defendants deny the truth of the allegations contained in Paragraph "55" of the Complaint.

56. Answering Defendants deny the truth of the allegations contained in Paragraph "56" of the Complaint.

57.     Answering Defendants deny the truth of the allegations contained in Paragraph "57" of the Complaint.

58.     Answering Defendants deny the truth of the allegations contained in Paragraph "59" of the Complaint.

59.     Answering Defendants deny the truth of the allegations contained in Paragraph "59" of the Complaint.

60.     Answering Defendants deny the truth of the allegations contained in Paragraph "60" of the Complaint.

## DEMAND FOR A JURY TRIAL

Answering Defendants demand a trial by jury herein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint herein or a part thereof fails to state a cause of action upon which relief may be granted against the Answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

The damages suffered by the Plaintiff, if any, were the result of the culpable conduct or fault of other persons for whose conduct these Answering Defendants are not legally responsible.

## THIRD AFFIRMATIVE DEFENSE

Experienced female professional tennis players like the Plaintiff know, or should know, that the Women's Tennis Association ("WTA") staffs the physiotherapy room with trainers at the Grand Slam events who provide various professional services to the players. Based on such prior experience and knowledge, female professional tennis players like the Plaintiff know, or

should know, the procedures and protocols as they relate to the operation of the physiotherapy room adjacent to the women's locker room at the National Tennis Center and the attendant rooms therein, as well as the protocols, procedures and expectations between and among the players and the attendants and trainers working therein. On the day of her alleged accident, Plaintiff acted in contravention to these protocols and procedures and expectations. Accordingly, Plaintiff knowingly and voluntarily assumed all risks of injury inherent in and associated with the actions involved in this lawsuit and is therefore barred from recovery under the doctrine of primary assumption of risk.

### FOURTH AFFIRMATIVE DEFENSE

Any and all risks of injury or dangers connected with the incident alleged in the Complaint were at the time and place mentioned obvious, apparent and inherent risks and dangers, which risks of injury and dangers were known or should reasonably have been known by the plaintiff

### FIFTH AFFIRMATIVE DEFENSE

Experienced female professional tennis players like the Plaintiff know, or should know, that the Women's Tennis Association ("WTA") staffs the physiotherapy room with trainers at the Grand Slam events who provide various professional services to the players. Based on such prior experience and knowledge, female professional tennis players like the Plaintiff know, or should know, the procedures and protocols as they relate to the operation of the physiotherapy room adjacent to the women's locker room at the National Tennis Center and the attendant rooms therein, as well as the protocols, procedures and expectations between and among the players and the attendants and trainers working therein. On the day of her alleged accident, Plaintiff acted in contravention to these protocols and procedures and expectations. Accordingly, the damages alleged to have been sustained by the Plaintiff, if any, were caused in whole or in

part by the contributory negligence and culpable conduct of the Plaintiff, without any culpable conduct on the part of these Answering Defendants and, therefore, the amount of damages, if any, recovered by the Plaintiff should be dismissed in that proportion to which the culpable conduct attributed to the Plaintiff bears to the culpable conduct which caused said damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's economic loss, if any, was or will be replaced or indemnified, in whole or in part, from collateral sources, and the Answering Defendants are entitled to have the Court consider the same in determining such special damages as provided by the applicable law.

### SEVENTH AFFIRMATIVE DEFENSE

Without relieving the Plaintiff of its burden of proof of establishing his injuries or damages, if any, any damages sustained by the Plaintiff were proximately caused or contributed to by the intervening or superseding intentional conduct or negligence of third-parties that the Plaintiff has not named in this action.

### EIGHTH AFFIRMATIVE DEFENSE

The physiotherapy room at the National Tennis Center is never dark; even when the lights are turned off, "twilight" lighting remains and partially illuminates the room. The conditions alleged by Plaintiff to have caused or contributed to her injuries or damages were open and obvious.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of Waiver.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of Estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff failed to mitigate her damages. To the extent that Plaintiff alleges that she would have won prize money allotted to the winner of the women's singles bracket and/or other competitions at the stated tournaments in Japan and China and/or other tennis tournaments in the future, or to the extent that Plaintiff alleges that she has lost, or will lose, commercial endorsements, but for the incident of September 4, 2015 complained of, Answering Defendants state that such claims would be entirely speculative and uncertain and Answering Defendants will hold the Plaintiff to strict proof thereof. Moreover, Plaintiff refused offers of medical attention and assistance made to her after she complained to attendants in the women's locker room of having fallen. She left the premises instead. Lastly, to the extent that Plaintiff claims on-going and permanent physical injuries and sequelae to date, such a claim is inconsistent with Plaintiff's own admissions in various forms of social media and public commentary.

### TWELFTH AFFIRMATIVE DEFENSE

In the event that the Plaintiff recovers judgment against these Answering Defendants, in whole or in part, for the injuries allegedly sustained by the Plaintiff, these Answering Defendants are entitled, pursuant to §4545 of the New York Civil Practice Laws and Rules, to a set-off or reduction for any damages awarded for economic loss, and for any such past or future costs or expenses which were or will, with reasonable certainty, be reimbursed or indemnified in whole or in part from any collateral source including, but not limited to, insurance.

### THIRTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, these Answering Defendants assert that this action falls within the limited liability provisions of CPLR §1601, and that these Answering Defendants' liability, if any, shall be limited to their equitable share of the total liability.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates these Answering Defendants' rights to protection from "excessive fines" as provided in the 8th Amendment of the United States Constitution and/or the provisions of the Constitution of the State of New York and violates the Answering Defendants' rights to substantive due process as provided in the 5th and 14th Amendments of the United States Constitution and/or the Constitution of the State of New York, and therefore, fails to state a cause of action supporting punitive damages claimed.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates the Answering Defendants' rights to procedural due process under the 14th Amendment of the United States Constitution and/or the provisions of the Constitution of the State of New York and, therefore, fails to state a cause of action upon which punitive damages can be awarded.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, should be dismissed or limited on the grounds that punitive damages, under New York law, violate the Answering Defendants' rights to equal protection of the law under the United States Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

These Answering Defendants have committed no acts or omissions that are the result of willful and malicious conduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Answering Defendants have committed no acts or omissions that are the result of conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others.

### NINETEENTH AFFIRMATIVE DEFENSE

In an abundance of caution, these Answering Defendants incorporate herein by reference all affirmative defenses set forth in Fed. R. Civ. P. 8(c). As this matter continues, these Answering Defendants will seek leave of Court to Amend their Answer to Plaintiff's Complaint to specifically set forth one or more of the affirmative defenses set forth in Fed. R. Civ. P. 8(c) should the facts so warrant.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for economic damages are speculative and subject to conjecture and Answering Defendants will hold Plaintiff to strict proof thereof.

Dated: November 13, 2015

                                            Respectfully Submitted,

                                            **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

                                            By: /s/ Rosario M. Vignali
                                            Rosario M. Vignali, Esq. (RMV7150)
                                            Francis P. Manchisi, Esq. (FPM2943)
                                            Attorneys for Answering Defendants
                                            United States Tennis Association Incorporated and
                                            USTA National Tennis Center Incorporated
                                            1133 Westchester Avenue
                                            White Plains, New York 10604
                                            Tel. (914) 872-7250
                                            Fax (914) 323-7001

TO:    Benedict P. Morelli, Esq. (BM6597)
         David T. Sirotkin, Esq. (DS4863)
         Perry S. Fallick (PF1165)
         Attorneys for Plaintiff
         Eugenie Bouchard
         **Morelli Ratner Law Firm, PLLC**
         777 Third Avenue, 31st Floor
         New York, New York 10017
         Tel: (212) 751-9800
         Fax: (212) 751-0046