

September 27, 2016                                                                                      Benedict P. Morelli

**VIA FACSIMILE**
Magistrate Judge Marilyn D. Go
United States District Court
225 Cadman Plaza East
Room 1214-S
Brooklyn, NY 11201

                      **RE: Eugenie Bouchard v. United States Tennis Association, Inc. and USTA National Tennis Center, Inc., Civ. Case No. 1:15-cv-5920-AMD-MDG**

Dear Judge Go:

      We represent Plaintiff Eugenie Bouchard in the above-captioned matter.

      Counsel for the parties have met and conferred regarding a discovery dispute. Unfortunately, we have been unable to resolve the matter, and it appears that Court intervention is required. Please accept this pre-motion letter as a brief outline of the issues. If the Court wishes, Plaintiff is prepared to submit a more formal legal brief on this issue.

      On September 14, 2016, two non-party depositions were held. One deposition was of former WTA trainer Kristy Stahr, who worked the night of Ms. Bouchard's accident, and the other was of Deborah Cleare who drove Ms. Bouchard from the U.S. Open after her accident. At these depositions, it was learned that Rachel Booth, senior in-house counsel for the USTA, had significant involvement investigating the events surrounding Ms. Bouchard's accident. As part of her investigation, Ms. Booth created documents that Plaintiffs believe are neither covered by the attorney-client privilege nor the attorney work-product privilege, and are therefore discoverable. Accordingly, Plaintiffs are seeking certain factual notes during interviews she conducted, e-mail correspondence between her and Ms. Stahr and to compel Ms. Booth's deposition.

Factual Interview Notes

      Ms. Cleare, a non-party, testified that she was interviewed by Ms. Booth the day after Ms. Bouchard's accident and took notes. Ms. Cleare also testified that Ms. Booth told her that she did not anticipate that there would be a lawsuit. Plaintiffs requested the production of these notes in discovery, and believe that notes containing factual information from Ms. Cleare should not be privileged. However, Defendants claim that they are privileged as attorney work-product.

Morelli Law Firm PLLC

777 Third Avenue, 31st Floor
New York, New York 10017
Tel: (212) 751-9800   Fax: (212) 751-0046   Toll Free: (877) 751-9800
www.morellilaw.com

### E-Mails Between Rachel Booth and Kristy Stahr

Ms. Stahr's deposition was noticed by the Defendants, and Ms. Stahr appeared voluntarily with an outside attorney representing her. Upon being questioned by Plaintiff's counsel, Ms. Stahr testified that she did not hire her own lawyer to represent her, but, rather, Ms. Booth arranged for an attorney to represent Ms. Stahr. Ms. Stahr testified that she and Ms. Booth sent each other numerous e-mails discussing this, and verified that she still had these e-mails on her smart phone. However, Ms. Stahr refused to produce the e-mails at her deposition upon her counsel's advice. We are attempting to secure these e-mails from Ms. Stahr—who resides in Florida—via subpoena, but believe we are entitled to these e-mails from Ms. Booth directly.

### Deposition of Rachel Booth

Further, Plaintiffs believe it is entitled to take Ms. Booth's deposition. Plaintiffs believe Ms. Booth was not engaged in the practice of law when investigating the events surrounding Ms. Bouchard's accident, and was essentially operating as someone in human resources, or as an executive of the company. Her testimony would lead to much discoverable information, including who she interviewed, who, if anybody, prepared any accident reports and why she was involved in hiring counsel for a non-party witness.

### Conclusion

Plaintiff appreciates the Court's consideration of this matter.

Respectfully Submitted,

/s/ *Benedict Morelli*
Benedict P. Morelli
**MORELLI LAW FIRM, PLLC**
777 Third Ave., 31st Fl.
New York, NY 10017
(212) 751-9800
bmorelli@morellilaw.com

Cc: Rosario M. Vignali
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
rosario.vignali@wilsonelser.com