

September 29, 2016

**VIA ECF**
Magistrate Judge Marilyn D. Go
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Eugenie Bouchard v. United States Tennis Association, et al.
      Civ. Case No. :   1:15-cv-5920

Dear Judge Go:

This office represents the Defendants in the above matter.  This letter is written in response to Plaintiff's letter of September 27, 2016 (Dkt. no. 19).  In summary, as explained further below, Defendants believe Plaintiff's letter to be premature and that it inaccurately describes the facts giving rise to the present discovery dispute.

Therefore, we respectfully request that Your Honor accept this as Defendants' Letter Motion for Leave to file a Motion for a Protective Order and in response[1] to Plaintiff's letter of September 27, 2016 (Dkt. no. 19).

The discovery items sought by the Plaintiff are contained in a series of Plaintiff's Second Rule 34 Requests for Production of Documents (RFP) and a Notice of Deposition, both dated September 19, 2016 and both received in this office on September 23, 2016.  We are in consultation with individuals at the United States Tennis Association (USTA) and the National Tennis Center (NTC) regarding these discovery requests to determine whether such documents exist, the nature of the document (if it exists at all) and whether they are protected from disclosure by one or more privileges.  [Other items in the RFP which appear to be discoverable and not potentially protected by one or more privileges are likewise being identified and gathered and <u>will</u> be provided by Defendants.]  Defendants' responses to the discovery demands in question are not due until October 19, 2016. On this basis, therefore, it would appear that Plaintiff's letter of September 27, 2016 is premature.

---

[1] Under Your Honor's Individual Rules, which adapt Local Civil Rule 37.3, Defendants have four days to respond to Plaintiff's Letter of September 27, 2016; thus, this response is timely.

1133 Westchester Avenue  •  White Plains, NY 10604  •  p 914.323.7000  •  f 914.323.7001

Albany • Baltimore • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami • Michigan
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Virginia • Washington, DC • West Palm Beach • White Plains

wilsonelser.com

6173607v.1



- 2 -

With regard to the items sought by the Plaintiff:

      Factual Interview Notes:      This demand appears as item no. 1 of Plaintiff's RFP. To be clear, the only notes of the Cleare interview that took place the day after Plaintiff's accident were Ms. Booth's – taken by her in her capacity as in-house Counsel to the United States Tennis Association and National Tennis Center and as part of her investigation of the accident and its surrounding circumstances. Ms. Booth was directed by her management, including the General Counsel, to undertake this investigation and her notes were later transcribed and transferred into a report to the companies' management. Ms. Cleare has given a deposition[2]; whether or not Ms. Cleare's description of her conversation with Ms. Booth is correct as to the imminent nature, and/or likelihood, of litigation, it is self-evident that Ms. Booth's notes and report are protected from disclosure by the attorney work product doctrine and/or the attorney-client privilege.

      Booth/Stahr E-Mails:      This demand appears as items nos. 3 and 4 of Plaintiff's RFP. It would be incorrect to say, as Plaintiff's letter of September 27, 2016 suggests, that the USTA and/or the NTC somehow hired, recommended or otherwise referred any counsel to Ms. Stahr or otherwise arranged for her legal representation at the deposition. Upon information and belief, the "outside attorney" that represented Ms. Stahr at the deposition was arranged for, and hired, by the Women's Tennis Association (WTA), Ms Stahr's employer at the time of the accident. The e-mails sought by Plaintiff pertained to scheduling Ms. Stahr's deposition only and contained no discussion regarding Ms. Stahr's legal representation at the deposition; they are therefore protected by the attorney work-product doctrine.

      Deposition of Ms. Booth:      This demand is part of Plaintiff's Notice of Deposition and is accompanied by a list of documents which Ms. Booth is expected to bring to, and testify about, at the deposition – including the items identified in the preceding paragraphs and *"documents . . . pertaining to (plaintiff's) September 4, 2015 accident"* (item no. 2) *"communications . . . between Ms. Booth and any non-USTA or USTA National Tennis Center employee(s) pertaining to (plaintiff's) September 4, 2015 accident and subsequent investigation . . . thereof"* (item no. 5) and *"communications between Ms. Booth and employees of Fugazy Limousine. . ."* (item no. 6). Suffice to say at this juncture (as stated above) that Ms. Booth's investigation of the circumstances surrounding the Plaintiff's accident was conducted at the direction of her management, including the General Counsel, and her notes and reports emanating there from, as well as her communications with third-parties and non-employees constitute classic attorney work-product and/or attorney-client privileged communications.

As the Court will undoubtedly appreciate, it is common practice for lawyers to conduct investigations of accidents involving their client, including the review of documents, interviews of witnesses and reports to the client. In Upjohn Co. v. United States, 449 U.S. 383 (1981), the Supreme Court found that communications made between company lawyers and non-

---

[2] It is well-settled that the Attorney Work Product doctrine, once established, may be overcome only upon a showing of "substantial need"; that is, that the information and documents sought can not be obtained by the demanding party without access to the otherwise protected document(s) itself. Lugosch v. Congel, 219 F.R.D. 220 (NDNY, 2003). In this case, Ms. Clear, Ms. Stahr and other witnesses have, or will, give(n) a deposition and can be examined at length by Plaintiff's counsel about their knowledge of the accident, etc. without impacting the protection otherwise afforded by the doctrine.

management employees are privileged, substantially similar to communications with upper management. Following Upjohn, courts in New York have repeatedly found that interviews of a corporation's employees by its attorneys as part of an internal investigation can be protected by the attorney-client privilege and that the privilege extends to the attorneys' summaries and notes pertaining to the interviews. See, e.g., Robinson v. Time Warner, 187 F.R.D. 14 (SDNY 1999); In re General Motors LLC Ignition Switch Litigation, 80 F. Supp. 3d 521 (SDNY 2015).

Moreover, the Model Rules of Professional Conduct (R. 1.6) admonishes lawyers against revealing confidential information.

The Attorney Work Product Doctrine has long roots in American jurisprudence and is now codified in both the Federal Rules of Civil Procedure [Section 26(b)(3)] and CPLR 3101(c) and (d) – the latter of which provides virtual absolute protection against disclosure. The doctrine includes protection against the production of notes, papers, witness statements and the like, People v. Kozlowski, 11 N.Y. 3d 223 (2008), and includes documents that were not prepared primarily or exclusively for litigation purposes, so long as the prospect of litigation is in play. U.S. v. Adlman, 134 F. 3d 1194 (2d Cir. 1998).

Plaintiff's categorization of Ms. Booth as "someone in human resources" and subsequent demand to depose Ms. Booth, Counsel for the Defendants, would purely and simply be an affront to the two sacrosanct privileges addressed in this Letter Motion. Certainly, some federal courts have expressed disfavor over the practice of taking opposing counsel's deposition and have stated that it should be done only in limited circumstances. See, e.g., Shelton v. American Motors Corp., 805 F. 2d 1323 (8th Cir. 1986).

Based on the foregoing, Defendants respectfully request Leave to file a Motion for a Protective Order to more fully address the issues presented herein and look forward to discussing same during today's telephone conference.

Moreover, Defendants look forward to discussing other discovery items for which Defendants are awaiting responses from the Plaintiff – the details of which are not included in this letter so as to protect confidentiality.

Thank you for considering this request.

Very truly yours,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**


S/                                              S/


Rosario M. Vignali                              Francis P. Manchisi
RMV:bs

cc: Morelli Law Firm (via e-mail)
    Att: David Sirotkin, Esq.

6173607v.1