

**morelli**
LAW FIRM

April 7, 2017

**VIA ECF**
Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                          Re: *Bouchard v. United States Tennis Association, Inc., et al.*
                          Docket No.: 1:15-cv-5920-AMD-MDG

Dear Judge Donnelly:

      We represent the Plaintiff Eugenie Bouchard in the above-captioned matter. We submit this pre-motion letter in accordance with Your Honor's Individual Practices and Rules, Rule 4(A) and Local Civil Rule 37.3. On April 6, 2017, counsel for both parties conferred in good faith by telephone in an effort to resolve the underlying dispute but could not agree on a resolution, thereby making this pre-motion letter necessary.

      Plaintiff's forthcoming motion, pursuant to Federal Rules of Civil Procedure Rule 37, is for sanctions due to Defendants' spoliation of evidence. Specifically, Plaintiff respectfully requests that the Court find that Defendants knowingly and willfully destroyed security camera footage relevant to Plaintiff's claims in this case, despite having been notified well in advance to preserve any such evidence. Plaintiff respectfully requests that a sanction of an adverse inference is an appropriate remedy based on the facts and evidence in this case. Plaintiff will also seek the reasonable attorneys' fees and costs incurred in connection with this motion.

      On the evening of September 4, 2015, at the U.S. Open Tennis Championships, Plaintiff Eugenie Bouchard suffered off-court injuries when she slipped and fell on a dangerous slippery condition created by Defendants in the physiotherapy room attendant to the women's locker room. On September 16, 2015, in anticipation of litigation, Plaintiff sent Defendants a preservation letter demanding that Defendants "*preserve all evidence relating to this incident, including, but not limited to, <u>any security camera footage of the locker room and surrounding areas</u>.*" (Exhibit A.) The preservation letter specifically demanded that Defendants "*cease any routine data destruction policies in place, and preserve all requested evidence in anticipation of litigation.*" (*Id.*) Plaintiffs further stated that "[f]ailure to preserve such evidence will constitute spoliation." (*Id.*) A copy of Plaintiff's preservation letter was sent to the General Counsel for both the USTA and USTA National Tennis Center, among other executives for the Defendants. (*Id.*)

**Morelli Law Firm PLLC**

777 Third Avenue, 31st Floor
New York, New York 10017

Tel: (212) 751-9800    Fax: (212) 751-0046    Toll Free: (877) 751-9800

www.morellilaw.com

On October 14, 2015, Plaintiff filed her complaint against the Defendants. In Defendants' Rule 26(a)(1) Initial Disclosures dated December 21, 2015, Defendants attached as Exhibit 11, a CD entitled "09/04/15 Security Video – National Tennis Center (vicinity of Women's Locker Room)." The CD contained approximately three (3) hours of video footage from a single security camera positioned directly outside of the women's locker room on the night of Ms. Bouchard's accident. Defendants unilaterally chose to produce this, and only this, specific security camera footage. No other security camera footage of the locker room or surrounding areas was included in the Defendants' Rule 26 Initial Disclosures.

On November 30, 2016, the deposition of Women's Tennis Association ("WTA") trainer Eva Scheumann was held. Ms. Scheumman was present, and communicated with Ms. Bouchard on the night of Ms. Bouchard's accident. During Ms. Scheumman's deposition, it became clear that additional security camera footage may exist which would be extremely relevant to substantiating a critical timeline and supporting Plaintiff's claims in this action. Therefore, in direct follow-up to the information learned from Ms. Scheumman's deposition, Plaintiff served a Third Rule 34 Request for Production of Documents on the Defendants. In this discovery demand, Plaintiff specifically requested additional security camera footage from the night of Ms. Bouchard's accident which would be relevant to Plaintiff's case.

On or about December 21, 2016, Defendants served their Responses to Plaintiff's Third Rule 34 Request for Production of Documents. In response to Plaintiff's request for additional relevant security camera footage, and in direct violation of Plaintiff's September 16, 2015 preservation letter, Defendants inexplicably stated that none existed because "[p]ursuant to Defendants' policy, security footage is only available within 160 days of the recording. No further footage from 2015 exists beyond what was already provided by Defendants."

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). A court may impose sanctions against a party who spoliates evidence pursuant to Rule 37(b) of the Federal Rules of Civil Procedure as well as through the Court's inherent powers to control the judicial process and the litigation before it. *See Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106-07 (2d Cir. 2002). A party seeking sanctions has the burden of establishing "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a 'culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support the claim or defense." *Id.* at 107. In this Circuit, "the 'culpable state of mind' factor is satisfied by a showing that the evidence was destroyed 'knowingly, even if without intent to breach a duty to preserve it, or negligently.'" *Id.* at 108. Relevance may be presumed when a party intentionally destroys materials without attempting to preserve the relevant information. *See Dataflow, Inc. v. Perrless Ins. Co.*, 2013 WL 6992130, at *8 (N.D.N.Y. June 6, 2013).



It is well-established that "[o]nce a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents." *Zubulake v. UBS Warburg LLC* ("*Zubulake IV*"), 220 F.R.D. 212, 218 (S.D.N.Y. 2003). The spoliation of evidence "can support an inference that the evidence would have been unfavorable to the party responsible for its destruction." *Zubulake v. UBS Warburg LLC* ("*Zubulake V*"), 229 F.R.D. 422, 430 (S.D.N.Y. 2004).

Fed. R. Civ. P. 37(e) governs a party's failure to preserve electronically stored information. Rule 37(e) permits a Court to order sanctions if information is lost "because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). Thus, the Court may order sanctions with respect to the lost security camera footage if the Court finds that Defendants failed to take reasonable steps to preserve the evidence, and it cannot be restored or replaced through additional discovery.

Here, Defendants' obligation to preserve the relevant security camera footage and institute a litigation hold arose no later than September 16, 2015, when they received Plaintiff's preservation letter. Instead of taking this routine precaution, however, Defendants knowingly discarded all additional security camera footage from the night of Plaintiff's accident, without taking steps to institute a litigation hold. The relevance of this evidence should be presumed as Defendants failed to take any steps, much less reasonable ones, to preserve the security footage and, now, the evidence cannot be restored or replaced. This spoliation of evidence supports the sanction of an adverse inference that the security camera footage would have been unfavorable to the Defendants, together with such additional sanctions as the Court deems appropriate.

For the foregoing reasons, Plaintiff Eugenie Bouchard asks that she be allowed to file her motion, pursuant to Federal Rules of Civil Procedure Rule 37, for sanctions due to Defendants' spoliation of evidence. Thank you for your consideration.

Respectfully Submitted,

MORELLI LAW FIRM, PLLC

Benedict P. Morelli, Esq.

cc: **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP (via ECF)**
*Attorneys for Defendants*



morelli
LAW FIRM