IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUGENIE BOUCHARD ) | Docket No. 1:15-cv-5920-AMD-MDG |
| ) | |
| Plaintiff, ) | Judge Ann M. Donnelly |
| v. ) | |
| ) | Magistrate Judge Lois Bloom |
| UNITED STATES TENNIS ASSOCIATION, ) | |
| INC. and USTA NATIONAL TENNIS CENTER, ) | **DECLARATION OF ROSARIO M.** |
| INC. ) | **VIGNALI IN OPPOSITION TO** |
| Defendants. ) | **PLAINTIFF'S MOTION FOR** |
| ) | **SANCTIONS** |
| ) | |

**ROSARIO M. VIGNALI,** an attorney duly admitted to practice before the Courts of the State of New York, affirms as follows:

1. I am a member of the firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, counsel for Defendants UNITED STATES TENNIS ASSOCIATION INCORPORATED and USTA NATIONAL TENNIS CENTER INCORPORATED, incorrectly named herein as "UNITED STATES TENNIS ASSOCIATION, INC. and USTA NATIONAL TENNIS CENTER, INC.," (hereinafter collectively referred to as "Defendants") and, as such, I am fully familiar with the facts and circumstances of this case.

2. This Declaration is submitted is Opposition to Plaintiff's Motion pursuant to Fed. R. Civ. P. 37(b) and 37(e), seeking sanctions against Defendants for the alleged spoliation of evidence.

3. On the evening of September 4, 2015, at approximately 11 p.m., Plaintiff claims that she was injured when she slipped and fell on a slippery cleaning substance present on the

1

floor of the physiotherapy room located inside the women's locker room at the USTA Billie Jean King National Tennis Center facility ("Center").

4. On or about September 16, 2015, less than two weeks after her accident, Plaintiff's *counsel* sent the USTA a correspondence where he requested preservation of "all evidence relating to this incident, including, but not limited to, any security camera footage *of* the locker room and surrounding areas." *See Exhibit E to Plaintiff's Motion*, Doc. 26-5, p. 2.

5. Plaintiff commenced this lawsuit on or about October 14, 2015, barely a month after the accident. *See* Doc. 1.

6. Defendants immediately engaged in full and comprehensive discovery, providing Plaintiff with a plethora of documents a responses to Interrogatories[1]:

   a. On or about December 21, 2015, Defendants *timely* served their Rule 26(a) Initial Disclosures and more than 20 exhibits, including the Arthur Ashe Stadium's floor plan (Exhibit "1" herein), a schedule of 2015 US Open Prize Money, proof of prize money payment(s) made to the Plaintiff, tournament draw sheets for the ensuing (post 2105 Asia tournaments), excerpts from the 2015 Official Grand Slam Rule Book, excerpts from the Grand Slam/WTA Ranking Contract and Services Agreement, the 2015 US Open schedule of play, the transcript of Plaintiff's post-match press conference on the evening of her accident, and insurance declaration sheets. Also included was a *security video* (over three hours in length) that was recorded by the security camera right outside the women's

---

[1] In order to protect the privacy of those individuals identified in Defendants' discovery responses (including Plaintiff) and unlike Plaintiff who electronically-filed, without redaction, various disclosures in this case containing the names and addresses of individuals and witnesses, Defendants have not attached copies of Defendants' discovery responses to this Memorandum. Defendants will obviously make them available to the Court for inspection upon request.

locker room, which is where Plaintiff's accident allegedly occurred.[2] *See Exhibit F to Plaintiff's Motion*, Doc. 26-6, p. 5.

b. Defendants timely served their answers to Plaintiff's Rules 33 Interrogatories dated June 16, 2016. *See Exhibit I to Plaintiff's Motion.* In so doing, Defendants produced additional documents, including personnel Policies, the Women's Locker Room Schedule for the 2015 US Open, Employee sign-in sheet, and Player Handbook.

c. Also on or about June 16, 2016, Defendants served their Responses to Plaintiff's Rule 34 Request for Production of Documents. With those responses, Defendants produced maintenance and cleaning services records.

d. On September 14, 2016, Kristy Stahr, a trainer with the Women's Tennis Association (WTA), and Deborah Cleare (Plaintiff's driver on the night of the accident), were deposed. *See Exhibits B and D to Plaintiff's Motion.*

e. On or about October 19, 2016, Defendants served their Responses to Plaintiff's *Second* Rule 34 Request for Document Production, wherein Defendants produced video footage of Plaintiff's mixed double match and singles match on the day of the accident, as well as her press conference on the night of the accident.

f. On November 2, 2016, and at the request of Plaintiff's counsel, Defendants allowed Plaintiff's counsel to conduct an inspection of the Center.

g. On November 8, 2016, Plaintiff Eugenie Bouchard was deposed. *Excerpts from Deposition Transcript of Plaintiff,* annexed as Exhibit "2".

---

[2] For obvious reasons, there are no security cameras operating inside the women's locker room.

    h. On November 16, 2016, Karen Owens and Sandra Benavides, two of the locker room attendants, were deposed. *See Exhibits C and J to Plaintiff's Motion; see Excerpts from Deposition Transcript of Karen Owens,* annexed as Exhibit "3". Both witnesses had been iden*tified close to one year before in Defenda*nt's Initial Disclosures.

    i. On November 30, 2016, Elaine Brady and Eva Scheumann, two WTA trainers working on the night of Plaintiff's accident, were deposed in Florida. Both witnesses had been identified close to one year before in Defendant's Initial Disclosures. *See Excerpts from Eva* Scheumman's testimony, annexed hereto as Exhibit "4".

    j. On or about December 21, 2016, Defendants served their Responses to Plaintiff's *Third* Rule 34 Request for Production of Document, which was served on or about November 23, 2016, more than one year after the commencement of the litigation. *See Exhibit H to Plaintiff's Motion.* In these timely responses, Defendants identified additional USTA employees and produced Timecard Reports for the three locker room attendants who were scheduled to work in the women's locker room on the night of the accident.

    k. On April 20, 2017, Christina Simmons, the last of the three locker room attendants working on the evening of Plaintiff's accident, was deposed. *See Exhibit K to Plaintiff's Motion.* Ms. Simmons had been identified in Defendants' Initial Disclosures over a year before.

7.     The Center is a 42-acre facility comprised of several buildings and many outdoor facilities, including tennis courts, food and retail concessions. A robust and elaborate security

plan is in place at the Center during the US Open, but certain areas of the Center are not covered by the USTA system of security cameras, inasmuch as the players' privacy is taken into account. See attached affidavit of Michael Rodriguez as Exhibit "5".

8. As discussed in the accompanying Memorandum of Law, which is incorporated by reference herein, it is respectfully submitted that Defendants took all reasonable steps to preserve and produce all security camera video footage that Plaintiff had requested through her counsel's request letter of September 16, 2015, as well as any evidence required under the common law. Plaintiff's motion does not establish that the remaining sought-after security video either existed or would have been relevant, material and otherwise probative of any issue before this Court. She likewise has failed to establish that she was prejudiced by not having access to the sought-after security camera video footage or that Defendants acted with the requisite culpable state of mind that would warrant a sanction under Rule 37. Defendants respectfully request that the Court deny Plaintiff's motion in all respects.

Dated:     May 30, 2017

Respectfully Submitted,

_____
Rosario M. Vignali, Esq. (RMV7150)
**Wilson, Elser, Moskowitz, Edelman & Dicker LLP**
Attorneys for Defendants
United States Tennis Association Incorporated and USTA National Tennis Center Incorporated
1133 Westchester Avenue
White Plains, New York 10604
Tel. (914) 872-7250
Fax (914) 323-7001