

July 19, 2017

Benedict P. Morelli

**VIA E-FILE**
Judge Ann Donnelly
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

          **RE: Eugenie Bouchard v. United States Tennis Association, Inc. and USTA National Tennis Center, Inc., Civ. Case No. 1:15-cv-5920-AMD-LB**

Dear Judge Donnelly:

    We represent Plaintiff Eugenie Bouchard in the above-captioned matter.

    Plaintiff writes this letter in response to Defendants' letter filed on July 14, 2017 requesting a pre-motion conference regarding Defendants' anticipated Motion for Partial Summary Judgment. Simply put, Defendants' request for a pre-motion conference should be denied because they failed to follow both Your Honor's Individual Practices and Rules, and the Eastern District of New York Local Rules. This blatant failure to abide by the rules should not be tolerated, particularly after nearly two years of litigation before this Court.

    Specifically, section 4(A) of Your Honor's Individual Practices and Rules sets forth that a pre-motion conference with the Court is required before making a motion pursuant to Fed. R. Civ. P. 56. Your Honor's Rules further set forth the following:

> "To request a pre-motion conference, the moving party is to file and serve a letter not to exceed three pages setting out the bases for the anticipated motion. All parties served may serve and file a letter response, not to exceed three pages within seven days from service of the notification letter. **If the motion is for summary judgment under Rule 56, the pre-motion conference letter is to also contain a copy of the movant's Rule 56.1 Statement** *and the non-movant's Rule 56.1 Counter-Statement* (see below) (emphasis added)."

Section 4(B) of Your Honor's Individual Practices and Rules sets forth:

> A party seeking to file a motion for summary judgment must first serve a statement pursuant to Rule 56.1 of the Local Rules setting out the material facts as to which the moving party contends there is no genuine issue to be tried. Each statement of material fact must be followed by a citation to admissible evidence, as required by Rule 56(e) of the Federal Rules of Civil Procedure.

> All parties receiving a Rule 56.1 Statement who wish to oppose the motion must serve on the movant, within 14 days of receiving the movant's Rule 56.1 Statement, an original and two copies of a counter-statement pursuant to Rule 56.1(b) ("Rule 56.1 Counterstatement). Should the non-movant require additional time, the parties may agree among themselves to a reasonable extension.
>
> The paragraphs in the counter-statement must correspond with the paragraphs in the movant's statement. Rule 56.1 Statements *and Counter-Statements* are not to be filed with the Court until the moving party requests a summary judgment pre-motion conference (see above.) Adherence to Local Civil Rule 56.1 is required. *The court will not hold a pre-motion conference until the parties are in compliance with Local Civil Rule 56.1.* (Emphasis added).

On May 4, 2017, Magistrate Judge Bloom issued a Scheduling Order, in which she reminded the parties that, "any party wishing to file a dispositive motion shall write to Judge Donnelly by July 14, 2017 to request a pre-motion conference *in accordance with her individual rules.*" (emphasis added). However, Defendants' request for a pre-motion conference did not comply with Your Honor's rules. Defendants never served Plaintiffs with a Rule 56.1 Statement of Facts in advance of filing its letter requesting a pre-motion conference, but rather, included its Rule 56.1 Statement of Facts as part of its letter. Therefore, Plaintiff did not have time to review Defendants' Rule 56.1 Statement of Facts and submit a Rule 56.1(b) Counterstatement within the fourteen day period permitted by the Court. Defendants have exhausted their time under the Court's Scheduling Order to request a pre-motion conference in accordance with Your Honor's Rules, and therefore, their request should be denied. A party should not be permitted to flout the Court's rules, particularly when represented by a firm with the size and resources of Defendants' counsel.

Your Honor's Rules requiring the exchange of Rule 56.1 Statements of Fact and Rule 56.1(b) Counter-Statements as a prerequisite to filing letters requesting pre-motion conferences are in place—as we see them—to ensure that the parties are fully apprised of the facts and issues at hand before involving the Court in potentially unmeritorious or frivolous motion practice. The Defendants, in filing their letter requesting a pre-motion conference without having exchanged Rule 56.1 Statements of Fact and Counterstatements of Fact, could not possibly have been fully apprised of the viability and likelihood of success of their motion. This not only puts the Plaintiff in an untenable position of playing "catch up," and unnecessarily burdens the Court, but also prejudices Ms. Bouchard—a celebrity professional tennis player—by forcing her to deal with media coverage of unsubstantiated and frivolous arguments.

Accordingly, Defendants' request for a pre-motion conference should be denied. Should the Court not outright deny Defendants' request for a pre-motion conference because of their failure to abide by the Court's rules, Plaintiff stands ready to provide a preliminary response to Defendants' letter by July 21, 2017, with the understanding that Plaintiff will not have ample time to prepare a complete Counter-Statement of Facts by then.

Thank you for your consideration.

Respectfully Submitted,

Benedict P. Morelli
**MORELLI LAW FIRM, PLLC**
777 Third Ave., 31st Fl.
New York, NY 10017
(212) 751-9800
bmorelli@morellilaw.com

cc:
Francis Manchiesi, Esq.
Rosario M. Vignali, Esq.
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**