

August 18, 2017

**VIA E-FILING**
Judge Ann Donnelly
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

> **RE: Eugenie Bouchard v. United States Tennis Association, Inc. and**
> **USTA National Tennis Center, Inc., Civ. Case No. 1:15-cv-5920**

Dear Judge Donnelly:

We represent Plaintiff Eugenie Bouchard in the above-captioned matter. Plaintiff writes in response to Defendants' letter, dated July 14, 2017, requesting a pre-motion conference regarding their anticipated Motion for Partial Summary Judgment.

Plaintiff respectfully suggests that the Court should deny Defendants' request to make a Motion for Partial Summary Judgment. Based on Defendants' pre-motion letter alone, it is clear there is no basis for consideration of a summary judgment motion as to the issues of Plaintiff's lost earnings and future earning capacity with reference to her marketing and endorsements.[1] Plaintiff has retained a sports marketing expert, Rick Burton, who submitted an expert report and testified at a deposition, clearly laying out Plaintiff's lost endorsement income as a result of the injuries sustained in her accident. Remarkably, Defendants gloss over Mr. Burton's opinions entirely in their pre-motion letter and statement of facts and utterly fail to challenge Mr. Burton's qualifications or the admissibility of those opinions. The reason for this is clear: Mr. Burton's opinions indisputably create questions of fact that must be considered by a jury at trial. Mr. Burton's opinions alone should be enough to preclude Defendants from being permitted to move for partial summary judgment on these issues. Moreover, as described more fully below, Plaintiff has also previously provided substantial evidence, and intends to offer further evidence

---

[1] With reference to the punitive damages issue, Plaintiff pleaded "punitive damages as allowed by law" in the "prayer for relief" section of her complaint to preserve all her rights. However, upon completion of discovery, Plaintiff voluntarily discontinues her claim for punitive damages. Therefore, the Court need not consider this issue.

at trial, in support of her lost endorsement earnings claims which renders Defendants' anticipated motion baseless. Accordingly, the Court should deny Defendants' request to make a Motion for Partial Summary Judgement.

Notwithstanding the foregoing, Plaintiff will address the substance of the Defendants' anticipated motion. With regard to Plaintiff's claims for lost income based on her loss of *existing* endorsements and/or marketing ventures, there are numerous facts in evidence, including Ms. Bouchard's existing endorsement contracts, which definitively show proof of her lost income as a result of this accident. A number of Ms. Bouchard's existing endorsement contracts contain "Performance Bonuses" in the event she achieved tournament and/or ranking milestones that would have earned her significant compensation. Therefore, contrary to Defendants' assertions, the facts in evidence show that Ms. Bouchard was prevented from earning income through her existing endorsements due to her injury at the 2015 U.S. Open. Defendants' total failure to acknowledge the "Performance Bonuses" in several of Ms. Bouchard's existing endorsement contracts—despite being in possession of these contracts— belies their assertion that Plaintiff did not lose any income or profits from existing endorsement contracts as a result of the accident. Accordingly, Defendants' request for leave to file a Motion for Partial Summary Judgment regarding Plaintiff's claim for lost income related to her existing endorsements and marketing ventures should be denied.

Defendants' request for leave to file a Motion for Partial Summary Judgment regarding Plaintiff's claim for loss of *future* endorsements and marketing ventures should likewise be denied. Indeed, projections of future earnings are admissible at trial where, as here, they are supported by evidence such as wage scales or contracts, and where the jury is charged with determining the likelihood of the Plaintiff's progress and is given sufficient information to enable it to do so. *See* Oliveri v. Delta S.S. Lines, Inc., 849 F.2d 742, 745 (2d Cir. 1988) (evidence of future earnings admissible in determining damages, *even if plaintiff might not have progressed as anticipated*, where projections of future earnings are supported *by empirical evidence such as contracts or wage scales*); *see also* D'Alessandro v. Am. Airlines, Inc., 139 F. Supp. 2d 305, 311 (E.D.N.Y. 2001) (evidence of lost earnings and future earning capacity of passenger killed in fall would be admissible at trial; *passenger's ability to earn substantial future income was not speculative in light of his extraordinary abilities and workaholic disposition*).

Here, Plaintiff intends to offer evidence at trial that had she not been injured and forced to withdraw from all competitions at the tournament, Ms. Bouchard would have advanced further at the 2015 U.S. Open. The question of whether Ms. Bouchard would have progressed further is one for the jury and inappropriate for consideration on Defendants' requested Motion for Partial Summary Judgment. Oliveri, 849 F.2d at 744-45. To support this point, Plaintiff intends to rely on, *inter alia*, testimony from Ms. Bouchard herself, testimony from Ms. Bouchard's mother, testimony from her former agent, Jill Smoller, Ms. Bouchard's world ranking at the time of the 2015 U.S. Open, her level of play at the time of the 2015 U.S. Open, and her past successes at Grand Slam tournaments. Plaintiff also intends to use the testimony of Defendants' own so-called "tennis expert," Alicia Molik, to support her position. Plaintiff should be permitted to



introduce all of the foregoing facts and testimony to the jury at the time of trial, which will go towards the weight, not the relevancy of the evidence. Id. at 745.

Additionally, Plaintiff has already set forth sufficient evidence regarding Ms. Bouchard's loss of future endorsements and marketing ventures such that Defendants' proposed motion could not prevail, and would be nothing more than a waste of the parties' time and judicial resources. Plaintiff's expert Rick Burton, has proffered an expert report and given expert deposition testimony stating unequivocally that Ms. Bouchard lost future endorsement contracts and/or marketing ventures as a result of this accident. Mr. Burton's qualifications are beyond reproach. He has worked in the sports marketing industry for over 35 years, is the David Falk Distinguished Professor of Sports Management at Syracuse University, maintains his own marketing and consulting group with a range of sports industry clients, and served as Chief Marketing Officer for the United States Olympic Committee. Mr. Burton based his expert opinion on, *inter alia*, Ms. Bouchard's existing endorsement contracts, comparable endorsement income for other top female athletes, and Ms. Bouchard's extraordinary on and off-court success and marketability at the time of the 2015 U.S. Open.

Plaintiff also intends to offer testimony at trial from Ms. Bouchard's former agent, Jill Smoller, as to Ms. Bouchard's "economic losses sustained as a result of her injuries from the accident." *See* Plaintiff's Rule 26(a)(1) Initial Disclosures. Specifically, Ms. Smoller will testify that had the accident not occurred, and had Ms. Bouchard progressed further at the 2015 U.S. Open, she would have been able to secure additional lucrative endorsement contracts and/or marketing ventures for Ms. Bouchard. Ms. Smoller's testimony as to economic damages will be based on her particularized knowledge and participation in the day-to-day affairs of Ms. Bouchard's business.

Based upon the foregoing facts, evidence, and law, there is absolutely no basis to prevent Plaintiff from presenting her case to a jury at the time of trial and allowing her to set forth all of the elements of her past and future endorsement and marketing damages sustained as a result of this accident. Therefore, Defendants' request to file a Motion for Partial Summary Judgment should be denied.

Respectfully Submitted,

/s/ *Benedict Morelli*
Benedict P. Morelli
**MORELLI LAW FIRM, PLLC**
777 Third Ave., 31st Fl.
New York, NY 10017
(212) 751-9800
bmorelli@morellilaw.com



cc: Francis Manchisi, Esq.
    Rosario M. Vignali, Esq.
    **WILSON ELSER MOSKOWITZ
    EDELMAN & DICKER LLP**

