IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUGENIE BOUCHARD<br><br>            Plaintiff,<br><br>v.<br><br>UNITED STATES TENNIS ASSOCIATION, INC. and USTA NATIONAL TENNIS CENTER, INC.<br><br>            Defendants. | Civil Action No.:<br>15-cv-5920 (AMD)(LB) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S MEMORANDUM & ORDER**

 /s/  Alan Kaminsky
Alan Kaminsky, Esq. (AK7749)
LEWIS BRISBOIS BISGAARD & SMITH LLP
Attorneys for Defendants
United States Tennis Association Incorporated and USTA National Tennis Center Incorporated
77 Water Street, Suite 2100
New York, New York 10005
Telephone: 212.232.1300
Facsimile: 212.232.1399

Dated: August 30, 2017

4833-4206-0878.2

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ……………………………………………………  2

ARGUMENT ………………………………………………………………………..  2

    I.      APPLICABLE STANDARD ………………………………………………..  2

    II.     THE RECORD DOES NOT SUPPORT PLAINTIFF'S
           ALLEGATIONS THAT DEFENDANTS' ACTED WITH
           INTENT TO DEPRIVE PLAINTIFF OF INFORMATION ……………….  3

    III.    PLAINTIFF HAS FAILED TO ESTABLISH THAT
           SHE HAS BEEN PREJUDICED AS A RESULT OF
           THE MISSING FOOTAGE …………………………………………………...  6

CONCLUSION ……………………………………………………………………..  7

# **TABLE OF AUTHORITY**

**Cases**

*Chin v. Port Auth. of NY & New Jersey*,
    685 F.3d 135, 162 (2d Cir 2012) …………………………………………….. 5

*Citicorp v. Interbank Card Ass'n*,
    87 F.R.D. 43, 46 (S.D.N.Y. 1980) ……………………………………………. 2

*Harkabi v. SanDisk Corp.*,
    275 F.R.D. 414, 419 (S.D.N.Y. 2010) …………………………………………5

*Mathias v. Jacobs*,
    167 F. Supp 2d 606, 609 (S.D.N.Y. 2001) ……………………………………. 3

*Residential Funding Corp v. DeGeorge Fin Corp.*,
    306 F.3d 99, 109 (2d Cir. 2002) ……………………………………………… 5

*R.F.M.A.S., Inc. v. So*,
    271 F.R.D. 13, 25 (S.D.N.Y. 2010) ………………………………………….. 6

*R.F.M.A.S., Inc. v. So*,
    271 F.R.D. 55 (S.D.N.Y. 2010) ………………………………………………6

*Ruzhinskaya v. Healthport Tech., LLC*,
    2015 US Dist LEXIS 156685, at *5 (S.D.N.Y. Nov. 19, 2015) …………………… 6

*Taylor v City of NY*,
    293 F.R.D. 601 (S.D.N.Y. 2013) ……………………………………………... 5

*Tompkins v. R.J. Reynolds Tobacco Co.*,
    92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000) ………………………………………. 3

*Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003) …………………... 3, 4, 5

**Rules**

Fed. R. Civ. P. Rule 72(a) ……………………………………………………………….. 2

Fed. R. Civ. P. 37(e)(2)(B) ……………………………………………………………… 5,7

## **PRELIMARY STATEMENT**

Defendants, United States Tennis Association, Inc. and USTA National Tennis Center, Inc. (hereinafter collectively referred to as "Defendants"), by their undersigned attorneys, submit this Memorandum of Law in opposition to Plaintiff's Objections, dated August 24, 2017, to the Magistrate Judge's Memorandum and Order dated August 10, 2017, which recommended that plaintiff's motion for an adverse jury instruction regarding video evidence be denied, along with denial of plaintiff's application for punitive monetary sanctions and an assessment of the costs and fees by plaintiff for her motion seeking the adverse inference and sanctions. Magistrate Judge Bloom specifically rejected plaintiff's argument that defendants acted with an intent to deprive plaintiff of additional surveillance camera footage necessary to this litigation. To the contrary, as shown in defendants' opposition to plaintiff's motion for sanctions, defendants complied with plaintiff's preservation letter by disclosing the only relevant surveillance camera footage without delay. The Order casts no doubt on the underlying merits, or more the point, lack of merits of these claims. Magistrate Judge Bloom further found that the additional security camera footage that was destroyed due to defendants' routine data destruction policy does not prejudice plaintiff's case. For the reasons set forth herein, plaintiff's objections should be overruled.

**ARGUMENT**

The Magistrate Judge's Memorandum & Order was correct in directing dismissal of plaintiff's motion for an adverse inference instruction on the grounds that plaintiff failed to establish that defendants acted with an intent to deprive plaintiff of information.

I. **APPLICABLE STANDARD**

Under Fed. R. Civ. P. Rule 72(a), a party objecting to a Magistrate Judge's order must show that the order is "clearly erroneous or contrary to law." An order may be deemed contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Citicorp v. Interbank Card Ass'n*, 87 F.R.D. 43, 46 (S.D.N.Y. 1980), *citing Tompkins v. R.J. Reynolds Tobacco Co.,* 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000). The party seeking to overturn a Magistrate Judge's decision carries a <u>heavy burden</u>. *Mathias v. Jacobs*, 167 F. Supp 2d 606, 609 (S.D.N.Y. 2001) (emphasis added). Magistrate Judges are afforded broad discretion and reversal is only appropriate if there is an abuse of discretion. *Id.* Here, plaintiff has not come close to meeting her burden, nor has she demonstrated, in any fashion, even a hint of an abuse of discretion.

Plaintiff fails to point to any evidence showing that the Magistrate Judge's finding were error (much less clear error). The Magistrate Judge thus most reasonably declined to grant plaintiff's motion for an adverse inference jury instruction, sanctions relating to the purported video evidence and/or fees or costs of the motion.

II. **THE RECORD DOES NOT SUPPORT PLAINTIFF'S ALLEGATIONS THAT DEFENDANTS' ACTED WITH INTENT TO DEPRIVE PLAINTIFF OF INFORMATION**

An adverse inference instruction may be given for failure to preserve electronically stored information "only upon a finding that the party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2)(B). In order to receive an adverse inference instruction, a plaintiff must demonstrate not only that a defendant destroyed relevant evidence, but also that the destroyed evidence would have been favorable to her. *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003). The tainted effect of such an extreme sanction is obvious. As such, the adverse inference instruction should never be given lightly.

In the instant litigation, it is undisputed that the defendants' timely produced surveillance camera footage from the only security camera in proximity to the women's locker room – where the accident occurred. The footage was three hours in length, complete with a time/clock indicator and showed who entered and exited the women's locker room on the night of the accident and at what time. As the Magistrate Judge explained, "given where the accident occurred and the facts as alleged in the complaint, it is entirely reasonable that defendants believed that their production fully complied with their obligations under plaintiff's preservation letter." Magistrate Judge Bloom further noted that "the record does not support plaintiff's allegation that defendants acted with intent to deprive plaintiff of information when they destroyed video from other security cameras on the premises in accordance with their internal data destruction policies." In other words, the evidence shows that additional surveillance camera footage is not relevant, let alone crucial to plaintiff's claims such that it was entirely reasonable for the defendants to believe that they were not under a duty to preserve footage from *each and every* camera within its 42 acre facility in response to plaintiff's preservation letter. Plaintiff asserts that Magistrate Judge Bloom "ignores" the fact that defendants destroyed the remaining security camera footage on the date set by their routine data destruction policy despite their duty

to preserve video of the locker room and "surrounding areas" per her counsel's generally worded correspondence. In reality, the law does not require parties to preserve every shred of paper, tape or electronic document, rather the law requires "anyone who anticipates being a party or is a party to a lawsuit must not destroy unique, *relevant* evidence that might be useful to an adversary." *Zubulake v. UBS Warburg LLC* at 218 (S.D.N.Y. 2003) (emphasis added) ("while a litigant is under no duty to keep or retain every document in its possession, it is under a duty to preserve what it knows or reasonably should know is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request"). The surveillance camera footage complained of was not "lost", nor was it "destroyed." It was not preserved pursuant to defendants' retention procedures in place at the time of the accident because defendants did not reasonably believe it necessary to preserve footage from such far flung areas on the premises for the present claim.

Plaintiff cites three cases to suggest that defendants' alleged failure to institute a "litigation hold" is evidence of defendants' 'egregious" behavior entitling plaintiff to sanctions. *Harkabi v. SanDisk Corp.*, 275 F.R.D. 414, 419 (S.D.N.Y. 2010); *Zubulake; Pension Comm. Of Univ. of Montreal Pensions Plan v. Banc of Am. Sec.*, 685 F. Supp. 2d 456, 465 (S.D.N.Y. 2010). However, even if there was a basis for a litigation hold of the surveillance video, the Second Circuit has rejected the proposition that the "failure to institute a 'litigation hold' constitutes gross negligence per se." *Taylor v City of NY,* 293 F.R.D. 601 (S.D.N.Y. 2013) *citing*, *Chin v. Port Auth. of NY & New Jersey*, 685 F.3d 135, 162 (2d Cir 2012). Instead, the Second Circuit reasoned that "the better approach is to consider the failure to adopt *good preservation practices* as one factor in the determination of whether discovery sanctions should be issued. *Id.*

As previously noted, the current version of Rule 37(e), provides that a court may impose sanctions only "upon a finding of prejudice to another party from loss of the information," or "upon finding that the party acted with intent to deprive another party of the information's use in the litigation." Plaintiff cited that version of Rule 37(e) in its original motion and Objections, yet cited case law applying a prior version of Rule 37 that permitted the imposition of sanctions upon merely showing "that the records were destroyed with a culpable state of mind." *Residential Funding Corp v. DeGeorge Fin Corp.,* 306 F.3d 99, 109 (2d Cir. 2002). Notwithstanding that plaintiff can't even meet the former standard here, under the former Rule 37, the culpable state of mind factor was satisfied by a showing that the evidence was destroyed knowingly, even if without intent to breach a duty to preserve it. *Id.* Here, not only does plaintiff fail to show that defendants destroyed any evidence knowingly, she cannot show that the defendants acted with the intent to deprive plaintiff of the use of the missing surveillance footage and fails to adequately establish prejudice from the claimed spoliation as required by the current Rule 37(e). Rather, the evidence demonstrates that defendants reasonably believed that they fulfilled their obligations to preserve surveillance camera footage when they disclosed the only footage capturing the area of the women's locker room. Footage from the entire facility, other than what was preserved and produced, would have been wholly irrelevant to this case. As noted by Magistrate Judge Bloom, "a party is not required to hold on to information in perpetuity on the chance it becomes relevant and is requested years later."

### III. PLAINTIFF HAS FAILED TO ESTABLISH THAT SHE HAS BEEN PREJUDICED AS A RESULT OF ANY MISSING FOOTAGE

Magistrate Judge Bloom correctly concluded that the lack of additional video recordings does not prejudice plaintiff's case. In her Objections, plaintiff asserts that the missing footage

would have allowed her to "confront WTA Trainer Eva Scheumann regarding the alleged search she did for Ms. Bouchard before deciding that all WTA trainers could leave for the night."

Absence of prejudice, which was correctly found by Magistrate Judge Bloom here, can be shown by demonstrating that the evidence could have been obtained from another source *R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 25 (S.D.N.Y. 2010), adopted by *R.F.M.A.S., Inc. v. So*, 271 F.R.D. 55 (S.D.N.Y. 2010), or that the "evidence would not support the innocent party's claims or defenses," *Pension Comm.,* 685 F. Supp. 2d at 469. *See, Ruzhinskaya v. Healthport Tech., LLC*, 2015 US Dist LEXIS 156685, at *5 (S.D.N.Y. Nov. 19, 2015) ("The Court accordingly rejects [the defendant's] bid for an adverse inference instruction, because the records that [were] spoliated are, ultimately, immaterial to this litigation").

Even assuming, *arguendo*, that Ms. Scheumann's "search" for plaintiff is somewhat relevant to this litigation, plaintiff continues to ignore the fact that the surveillance camera footage that was produced by the defendants clearly shows Ms. Scheumann entering and exiting the locker room at recorded times. Thus, plaintiff knows exactly when Ms. Scheumann left the locker room to look for plaintiff and exactly when she returned. The fact that the WTA trainers left before plaintiff is undisputed. Further, plaintiff knows from Ms. Scheumann's sworn testimony where she went when she left the locker room.

Although plaintiff continues to insist that the missing footage would have been infinitely important to her claims, Magistrate Judge Bloom notably points out that plaintiff was aware of the timeline of events and could have requested the footage prior to the destruction date. Instead, plaintiff's waited over one year to request the additional footage. Nonetheless, missing footage corroborating a "timeline" of events regarding Ms. Scheumann's "search" for plaintiff cannot reasonably serve to form the basis of a prejudice claim and resultant sanctions.

## CONCLUSION

For the foregoing reasons, plaintiff's have failed to identify any clear error in the Order of Magistrate Judge Bloom, which should be confirmed, together with such other and further relied as the Court deems just and proper.

Dated: August 30, 2017

                                                            Respectfully submitted,

                                                      /s/ Alan Kaminsky
                                                     Alan Kaminsky, Esq. (AK7749)
                                                     LEWIS BRISBOIS BISGAARD & SMITH LLP
                                                     Attorneys for Defendants
                                                     United States Tennis Association Incorporated and USTA National Tennis Center Incorporated
                                                     77 Water Street, Suite 2100
                                                     New York, New York 10005
                                                     Telephone: 212.232.1300
                                                     Facsimile: 212.232.1399

TO:    Benedict P. Morelli, Esq. (BM6597)
          David T. Sirotkin, Esq. (DS4863)
          Perry S. Fallick (PF1165)
          Attorneys for Plaintiff
          Eugenie Bouchard
          Morelli Law Firm, PLLC
          777 Third Avenue, 31st Floor
          New York, New York 10017
          Tel: (212) 751-9800
          Fax: (212) 751-0046