UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
:
**EUGENIE BOUCHARD,**
:
                Plaintiff,
:
:
:      **MEMORANDUM & ORDER**
   - against -
:      15 Civ. 5920 (AMD) (LB)
:
:
**UNITED STATES TENNIS ASSOCIATION,**
**INC., and USTA NATIONAL TENNIS**    :      FILED
**CENTER, INC.,**                           IN CLERK'S OFFICE
:      US DISTRICT COURT E.D.N.Y.
:
:      ★ SEP 0 5 2017 ★
                Defendants.   :
---------------------------------------------------------- X
      BROOKLYN OFFICE

**ANN DONNELLY,** District Judge.

    The plaintiff, Eugenie Bouchard, brings this action against the defendants, the United States Tennis Association Inc. and the USTA National Tennis Center, Inc., alleging that the defendants' negligence and failure to warn her of a dangerous condition on the premise caused her to slip and fall, and hit her head in the women's locker room at the 2015 U.S. Open.[1] On May 16, 2017, the plaintiff filed a motion for sanctions under Federal Rule of Civil Procedure 37, arguing that the defendants intentionally destroyed security camera recordings of the night of the accident. The plaintiff sought both an adverse inference jury instruction and punitive monetary sanctions. (ECF 25.)

    In a Memorandum & Order dated August 10, 2017, Magistrate Judge Bloom denied the plaintiff's motion for sanctions related to the defendants' destruction of video recordings.[2] (ECF

---

[1] Familiarity with the facts of this case is presumed.
[2] Judge Bloom granted the plaintiff's motion for sanctions in connection with the defendants' failure to disclose the full amount of their insurance coverage, and ordered the defendants to pay the costs of two private mediation sessions. Because neither party challenges this portion of Judge Bloom's decision, I will not address it.

1

34.) Before me now are the plaintiff's objections to Judge Bloom's order. (ECF 36.) For the reasons that follow, I adopt Judge Bloom's thorough and well-reasoned decision in its entirety and deny the plaintiff's motion for sanctions.

## DISCUSSION

**1. Applicable Standard**

A magistrate judge is empowered by the Federal Magistrate's Act and Federal Rule of Civil Procedure 72 to make findings as to nondispositive pretrial matters and to issue an order that is binding in and of itself. *See Joza v. WW JFK LLC*, No. 07-cv-4153, 2010 WL 3619547, at *2 (E.D.N.Y. Sept. 10, 2010); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's ruling on nondispositive pretrial matters, including discovery sanctions, will not be overturned unless the ruling is clearly erroneous or contrary to law.[3] Fed. R. Civ. P. 72(a); *Magee v. Paul Revere Life Ins. Co.*, 178 F.R.D. 33, 37 (E.D.N.Y.1998) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)). An order is clearly erroneous if, based on all the evidence, a reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Hamill v. Prudential Ins. Co. of Am.*, No. 11 Civ. 1464, 2013 WL 27548, at *4 (E.D.N.Y. Jan. 2, 2013) (citation and internal quotation marks omitted). Under this highly deferential standard, magistrate judges are "afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused." *Aboeid v. Saudi Arabian Airlines Corp.*, No. 10 Civ.

---

[3] The plaintiff refers to Judge Blooms decision as a "Report and Recommendation." In fact, it is a binding order. *See Joza*, 2010 WL 3619547, at *2 ("Because the instant matter is a nondispositive discovery-related matter, disposition of it by a magistrate judge in the form of an order, and not a report and recommendation, was appropriate.").

2518, 2011 WL 5117733, at *2 (E.D.N.Y. Sept.6, 2011) (citing *Conway v. Icahn*, 16 F.3d 504, 510 (2d Cir. 1994)).

### 2. Spoliation Sanctions

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Estate of Jackson ex rel. Jackson v. City of Suffolk*, No. 12-cv-1455, 2014 WL 3513403, at *4 (E.D.N.Y. July 15, 2014). Under Rule 37(e), a court may issue an adverse inference for failure to preserve electronically stored information "only upon finding that the party acted with the intent to deprive another party of the information's use." Fed. R. Civ. P. 37(e)(2). If there is no intent to deprive, but the moving party is prejudiced by the destruction of information, a court may impose less severe sanctions that place the prejudiced party in the position that it would have been had the destruction not occurred. Fed. R. Civ. P. 37(e)(1).

#### a. Intent to Deprive

Judge Bloom held that the defendants did not act with intent to deprive the plaintiff of information by destroying video footage of the fitness center and media room on the night of the plaintiff's accident. I am in complete agreement with her conclusion, which is based on a thorough analysis of the law and the facts. As Judge Bloom explained, the defendants promptly produced video recordings of the area immediately outside of the women's locker room within a three-hour window of the plaintiff's accident. Judge Bloom also noted that there were no security cameras inside the women's locker room where the accident actually occurred. Thus, "[g]iven where the accident occurred and the facts as alleged in the complaint, it is entirely reasonable that the defendants believed that their production fully complied with their obligations under the plaintiff's preservation letter." (ECF 34, at 11.)

3

The plaintiff argues that the failure to preserve video footage of the fitness center and media room was "unreasonable" because footage of those areas might become relevant. The test is whether the defendants acted with intent to deprive the plaintiffs of this information. Judge Bloom's decision—that that there was no intent to deprive the defendants of relevant information when the defendants preserved and produced the pertinent video recordings—is neither erroneous nor contrary to the law.

The plaintiff also argues that Judge Bloom should have placed more emphasis on the defendants' failure to institute a "litigation hold." But the failure to adopt good preservation practice is only "one factor in the determination of whether discovery sanctions should issue." *Chin v. Port Auth. Of New York & New Jersey*, 658 F.3d 135, 162 (2d Cir. 2012); *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 271 F.R.D. 429, 441 (S.D.N.Y. 2010) ("Rather than declaring that the failure to adopt good preservation practices is categorically sanctionable, the better approach is to consider such conduct as one factor."). The absence of a litigation hold is not dispositive because, as Judge Bloom found, the defendants "fully complied" with their preservation obligations by preserving the videotaped footage that was relevant to the plaintiff's accident. (ECF 34, at 11.)

### b. Prejudice

The plaintiff also disputes Judge Bloom's ruling that the plaintiff was not prejudiced by the destruction of the additional video recordings. According to the plaintiff, the additional recordings would have helped establish the timeline leading up to the accident, and might undermine the deposition testimony of Eva Scheumman, a trainer, about the sequence of events. (ECF 36, at 7.) As Judge Bloom pointed out, the plaintiff can establish a timeline based on the video camera recordings from outside the women's locker room. Equally significant,

4

Scheumman's deposition testimony about the time leading up to the plaintiff's accident supports the plaintiff's position. Thus, Judge Bloom did not abuse her discretion in denying the plaintiff's motion for sanctions; on the contrary, her decision was completely correct.

## CONCLUSION

Accordingly, I adopt Judge Bloom's order in its entirety. The plaintiff's motion for spoliation sanctions is denied.

**SO ORDERED.**

                                        s/Ann M. Donnelly
                                        Ann M. Donnelly
                                        United States District Judge

Dated: Brooklyn, New York
         September 5, 2017